1  JOHN H. McKINLEY – SB #125408
2  MEGAN K. HALL – SB #286619
   SHORE, MCKINLEY & CONGER, LLP
3  3031 W. March Lane, Suite 230
   Stockton, CA  95219
4  Telephone: (209) 477-8171
   Facsimile: (209) 477-2549

5  Attorneys for Defendants

**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATIONG ENGINEERS; RICHARD PIOMBO and RUSSELL E. BURNS, as Trustees,<br><br>                              Plaintiffs,<br><br>   vs.<br><br>A PLUS MATERIALS RECYCLING INC., a dissolved California Corporation; DON LAWLEY COMPANY, INC., a California Corporation; MR. TRUCKER, a suspended California Corporation; ATOZ REPAIR AND REMODEL, LLC, a Texas Limited Liability Company; LAWLEY BROS., LLC, a California Limited Liability Company; PENNROD CAPITAL, LLC, an Arizona Limited Liability Company; and DOES 1-10,<br><br>                              Defendants | Case No. 4:16-CV-04568-CW<br><br>**DEFENDANTS A PLUS MATERIALS RECYCLING,INC., MR. TRUCKER, INC., ATOZ REPAIR AND REMODEL, LLC, LAWLEY BROS., LLC, and PENNROD CAPITAL, LLC's REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     July 10, 2018<br>Time:    2:00 p.m.<br>Location: Courtroom 2<br>             Oakland Federal Courthouse<br>             1302 Clay Street, Oakland, CA<br>Judge:   Hon. Claudia Wilken |

---

## I. INTRODUCTION

Plaintiffs conceded there is no withdrawal liability for Lawley Bros., LLC and Pennrod Capital, LLC and they should be dismissed prior to the hearing. As to the remaining Defendants, Plaintiffs' attempt to evade the effect of the 2013 bankruptcy in which Plaintiffs filed a claim for withdrawal liability is without merit. Rodney and Penny Lawley discharged any withdrawal liability through the bankruptcy proceedings. These proceedings also clarified that Mr. Trucker, A Plus and AtoZ have no assets from which to satisfy withdrawal liability.

Despite Plaintiffs' claims to the contrary, common control between DLC and A Plus and the Lawley Entities is an issue that must be resolved by this Court. There is no common control between DLC and A Plus, Mr. Trucker, or AtoZ. There is also no common control between A Plus and AtoZ and the purposes of withdrawal liability are not served by imposing liability on Mr. Trucker, a defunct corporation. Moreover, without common control between DLC and the remaining Lawley Entities, an assessment of partial withdrawal is inappropriate as there is no remaining contributing employer and there is no alleged complete withdrawal in the Complaint, and therefore the Complaint should be dismissed as to all Defendants with prejudice.

## II. LAW AND ARGUMENT

### A. The December 13, 2016 Case Management Order

Defendants appeared to have the same interpretation of the case management order as it relates to Defendants' briefing. This interpretation was that the reference to a single brief referred to the Opposition and Cross-Motion, not that all Defendants (who have different representation and interests) file a single brief. However, if that was the Court's intent, Defendants have limited the length of their respective replies so that they do not exceed a combined total of 15 pages, the page length allotted in the Order.

///

///

{00153475.}                                   1

**B. The Lawley Entities Did Not Have Compliant Notice Until the Complaint**

The Lawley Entities established the service issue in their Opposition/Cross-Motion to provide a clear and accurate record regarding notice. The Lawley Entities acknowledged in their Opposition/Cross-Motion that the soonest they were served with proper notice was with service of the Complaint. (See Opposition/Cross-Motion MPA at pp.5-6.) Plaintiffs made claims that the parties received notice via the February 6, 2015 Notice of Withdrawal Liability and that no response or request for review was received. Plaintiffs omitted the fact that the certified mail receipts were returned to sender, and therefore the Lawley Entities were not served proper notice at that time. (See McKinley Dec. ¶ 3.)

**C. Bankruptcy Discharges The Lawleys and Clarifies A Plus and Mr. Trucker Were Defunct As They Had No Assets**

Plaintiffs do not dispute that there has been no waiver of the right to argue that withdrawal liability has been discharged through bankruptcy by not initiating arbitration. Any withdrawal liability was discharged as to Rodney and Penny Lawley by the bankruptcy proceedings and Plaintiffs do not argue otherwise.

Plaintiffs' argument that the debt could not have been discharged as of June 20, 2013 because the assessment was not sent until February 6, 2015, is disingenuous. On May 29, 2013, Plaintiffs filed a proof of claim in the bankruptcy proceeding based on A Plus' alleged withdrawal liability. (See Exhibit C to Pledger Declaration.) There would be no basis to file a Proof of Claim for withdrawal liability that Plaintiffs claim had not yet occurred. Plaintiffs can only argue the claim was related to the 2011 assessment as no other assessment of withdrawal liability was ever issued aside from 2011 and in 2015. However, Plaintiffs had already rescinded the 2011 assessment as of September 18, 2012, prior to the filing of the bankruptcy petition on February 18, 2013. (See Ex. G to Trento Dec.; Pledger Dec. ¶ 4.) Plaintiffs have provided no explanation for why they, through Plaintiffs' counsel, filed a proof of claim in the bankruptcy based on A Plus' alleged withdrawal liability if they had rescinded their assessment or no such liability

{00153475.}                                             2

DEFENDANTS A PLUS MATERIALS RECYCLING, INC., MR. TRUCKER, INC., ATOZ REPAIR AND REMODEL, LL, LAWLEY BROS., LLC, and PENNROD CAPITAL, LLC's REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

existed. Without such an explanation, Plaintiffs' argument the debt could not be discharged has no bearing.

Regardless of the date of the assessment, the February 6, 2015 assessment is based on alleged withdrawal of December 31, 2012. (See Trento Dec., Exhibit I.) While Plaintiffs attempt to draw some sort of strict distinction between the 2011 assessment and the 2015 assessment, no such grand distinction exists for purposes of discharge through bankruptcy. Both assessments allege withdrawal liability of $1,071,767, the only difference being that the 2011 assessment claims a date of withdrawal of December 31, 2010, and the 2015 assessment claims a date of withdrawal of December 31, 2012. (See Exs. E and I to Trento Dec.) The Court's decision in *Einhorn* and the cases cited therein make clear that there must be a withdrawal in order for a debt to be dischargeable in bankruptcy. (*Einhorn v. Dubin Bros. Lumber Co., Inc.*, 33 F.Supp.3d 504, 511-514 (N.D. N.J. 2014).) Thus, the alleged withdrawal on December 31, 2012, triggered a debt that would be dischargeable by the subsequently filed bankruptcy of February 18, 2013. The only distinction where the assessment date would be relevant is when there was a change in the amount of liability pre and post-bankruptcy petition. (*Id.*) However, as noted, the withdrawal liability amount has not changed between the 2011 and 2015 assessment. (See Exs. E and I to Trento Dec.) Therefore, the withdrawal liability was discharged by the bankruptcy.

While 11 U.S.C. § 727(a)(1) prohibits corporations from discharging debt, the legislative intent is illuminating on the current situation. The Court in *N.L.R.B. v. Better Bldg. Supply Corp.* (1988) 837 F.2d 377, 379, noted, "[t]he primary concern underlying this section was to prevent businesses from evading liability by liquidating debtor corporations and resuming business free of debt." The Court also noted, "[t]he drafters chose not to make corporate debt dischargeable so that corporations continuing to operate could not avoid previously incurred debt." (*Id.*) Here, no such concern exists. AtoZ and DLC are the only named Defendants that continued in operation after the

{00153475.}                                        3

bankruptcy. DLC has no common control/ownership with any of the other entities and therefore its continuation after bankruptcy has no bearing. (See Section D,1 below.) As to AtoZ, as there is no common control, there was no previously incurred debt as to it. (See Section D, 3 below.) Further, as AtoZ is a completely different type of business to A Plus and Mr. Trucker, this is not a situation where business was resumed free of debt, as the statute was intended to avoid. (Lawley Dec. ¶ 7; Declaration of Rodney Lawley in Support of Lawley Entities' Reply "Supp. Lawley Dec." ¶¶ 2-4[1].) Finally, as evidenced by Schedule B of the bankruptcy petition, these entities had no assets from which to collect any withdrawal liability and have no assets from which to collect any withdrawal liability. (See Ex. A to Pledger Dec.; Supp. Lawley Dec. ¶¶ 2-4.)

### D. Controlled Group Status

#### 1. The Lawley Entities and DLC

While Plaintiffs go to great lengths to argue that both the Lawley Entities and DLC's arguments "evidence a fundamental misunderstanding of the underlying issues in this matter", it is Plaintiffs who have attempted to distract from the issues.

The remaining Lawley Entities hereby incorporate by reference the arguments of DLC, made in their Reply at Section II, A, related to the common control issue of DLC and the Lawley Entities.

As there is no common control with DLC and A Plus or the other Lawley Entities, the issue Plaintiffs must overcome, and cannot, is that they have assessed the wrong type of withdrawal liability. The Lawley Entities addressed this issue more thoroughly in their Opposition/Cross-Motion. (See Opposition/Cross-Motion MPA at p. 11.) Plaintiffs have alleged that there was a partial withdrawal from the Plan by A Plus and DLC due to a 70 percent contribution decline and the fact that DLC remains a contributing employer. (See Trento Dec. ¶ 7.) However, if DLC is not part of the common control group, the only assessment that would be appropriate against A Plus would be for a

---

[1] The "supplemental" declarations of Rodney Lawley and John H. McKinley are submitted for purposes of clarification of points related to the Opposition/Cross-Motion and evidence submitted therewith.

{00153475.}  4

complete withdrawal as Plaintiffs have pled that none of the remaining Defendants continue to contribute to the Fund as would be required for partial withdrawal. (See Trento Dec. ¶ 6; 29 U.S.C. § 1385.)   As there is no partial withdrawal without DLC as part of the common control group and there is no allegation of a complete withdrawal, the Complaint should be dismissed with prejudice.

### 2. A Plus and Mr. Trucker

Without a legitimate response to refute the reasons against imposing control group liability on Mr. Trucker, Plaintiffs raise for the first time in this litigation, the argument that Mr. Trucker cannot defend itself as it is a suspended corporation.

A Plus, AtoZ and DLC, as Defendants whom Plaintiffs contend are jointly and severally liable for withdrawal liability along with Mr. Trucker, are entitled to defend themselves, which they have done in the Oppositions/Cross-Motions and re-inforce herein. At the time of withdrawal, through the present, Mr. Trucker was not in business. (Lawley Dec. ¶ 6.) The purpose of imposing joint and several liability for withdrawal liability on trades and businesses under common control is to "prevent businesses from shirking their ERISA obligations by fractionalizing operations into many separate entities." (*Bd. Of Trs. Of W. Conf. of Teamsters Pension Trust Fund v. Lafrenz*, 837 F.2d 892, 894 (9th Cir. 1988).) Placing Mr. Trucker, a defunct company with no assets, under common control with the other Defendants does not serve the purposes of the joint and several liability, and is moreover pointless as there are no assets from which to collect on liability.

### 3. A Plus and AtoZ Repair and Remodel, LLC

Without valid arguments to combat the fact that there is no common control with AtoZ and A Plus, Plaintiffs again grasp at straws making non-sensical arguments that are unsupported by the law.

Plaintiffs note that the Lawley Entities' Answer admitted Rodney Lawley owned 80% or more of AtoZ at all times relevant. Plaintiffs can use the Lawley Entities'

{00153475.}                                   5

DEFENDANTS A PLUS MATERIALS RECYCLING, INC., MR. TRUCKER, INC., ATOZ REPAIR AND REMODEL, LL, LAWLEY BROS., LLC, and PENNROD CAPITAL, LLC's REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

admissions in pleadings as admissible evidence to serve as the basis for summary judgment or opposition. (*Lockwood v. Wolf Corp.* (9th Cir. 1980) 629 F.2d 603, 611.) However, the burden then shifts to the non-moving party to establish that a genuine issue of material fact exists and the evidence of the non-movant is to be believed. (*Celotext Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, (1986) 477 U.S. 242, 255.) The Lawley Entities met their burden by submitting evidence that Rodney Lawley held only a 50% interest (inclusive of his wife Penny Lawley's interest) in AtoZ at the time of withdrawal. (Lawley Dec. ¶¶ 7-8.) Regardless of Plaintiffs' feigned outrage that the Lawley Entities submitted evidence that contradicts the Answer and surprise as to the evidence submitted, the Lawley Entities were within their rights to submit evidence in opposition to Plaintiffs' motion and the documents/evidence submitted were produced to Plaintiffs in discovery in this case on February 22, 2018. (See Exs. E & F to Lawley Dec.; Declaration of John H. McKinley in Support of Lawley Entities' Reply "McKinley Supp. Dec." ¶ 2[2].)

  Despite Plaintiffs' attempt at parsing out a five day period wherein AtoZ and A Plus were under common control, this is not the case. Plaintiffs' claim that Rodney Lawley admitted that at formation AtoZ was owned by Rodney and Penny Lawley is incorrect. The formation documents say nothing about percentage of ownership of AtoZ. (Lawley Dec., Ex. D)  The Lawley Entities' Opposition/Cross-Motion clarified that despite the Company Agreement, signed only by Rodney Lawley on April 1, 2012, the membership certificates issued the same date show that Rodney Lawley owned only 50% of AtoZ, inclusive of Penny Lawley's interest which is not sufficient to establish common control. (Lawley Dec., Exs. E & F.)  Just as stock is the determinative factor in the ownership for corporations under the applicable statutory scheme, membership certificates (which establish the membership share of LLC members) evidence the ownership for establishing common control. There was no time where Rodney and

---

[2] The "supplemental" declarations of Rodney Lawley and John H. McKinley are submitted for purposes of clarification of points related to the Opposition/Cross-Motion and evidence submitted therewith.

{00153475.}  6

Penny Lawley solely owned AtoZ. Contrary to Plaintiffs' analogy to the facts in this case to those of *Pension Plan for Pension Trust Fund v. Galletti Concrete, Inc.* 2013 U.S. Dist. LEXIS 134367, this case is more analogous to *Doherty v. Teamsters Pension Trust Fund of Philadelphia and Vicinity*, (1994) 16 F.3d 1386. The issue in this case is whether AtoZ was ever an employer not whether it ceased being an employer. Whether an entity was ever an employer is an issue for the Court to decide. (*Doherty v. Teamsters Pension Trust Fund of Philadelphia and Vicinity*, (1994) 16 F.3d 1386, 1390-1391.) The evidence shows that AtoZ was not under common control and therefore joint and several liability is improper.

### 4. Lawley Bros., LLC; Pennrod Capital, LLC; and Rodney Lawley Individually Will Not Be Addressed Herein

Based on Plaintiffs' assurances to dismiss Lawley Bros., LLC and Pennrod, LLC, the remaining Lawley Entities will not address their arguments related to such entities in this Reply. Further, based on Plaintiffs' failure to address any of the Lawley Entities' arguments regarding the non-liability of Rodney Lawley individually, the remaining Lawley Entities believe Plaintiffs have waived their right to do so, and thus, will not address these arguments again in this Reply.

### E. No Damages Should Be Allowed

As outlined in the Lawley Entities' Opposition/Cross-Motion, Plaintiffs are not entitled to damages. However, if the Court determines damages are appropriate, as noted in the Lawley Entities' prior papers, the attorneys' fees should be reduced.

Rather than addressing the concerns raised by the Lawley Entities, Plaintiffs list a number of Northern District cases where their fees have been found reasonable. This is irrelevant as it is not clear what tasks were performed in these cases, whether the decisions involved analysis of arguments that the amounts were not reasonable, whether the fees in those cases were at the same rate as here, or the complexity of these cases relative to the fees sought in comparison to this case. While Plaintiffs claim to have relied on the same methods as in the cited cases, other than two, the same

{00153475.}                                7

DEFENDANTS A PLUS MATERIALS RECYCLING, INC., MR. TRUCKER, INC., ATOZ REPAIR AND REMODEL, LL, LAWLEY BROS., LLC, and PENNROD CAPITAL, LLC's REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

issues as above apply. Although the Lawley Entities requested the billing records so that they could analyze and challenge them if necessary, Plaintiffs merely agree to produce the records if the Court requests, denying the Lawley Entities' right to analyze and address the appropriateness of the billing and fees.

### III. CONCLUSION

Based on the foregoing as well as the Lawley Entities' Opposition/Cross-Motion, Plaintiffs' motion should be denied and the Lawley Entities' motion should be granted.

Date: June 18, 2018                           SHORE, McKINLEY & CONGER, LLP


                                              By_____/s/_____
                                                  JOHN H. McKINLEY
                                                  Attorneys for Defendants

{00153475.}                                   8

DEFENDANTS A PLUS MATERIALS RECYCLING, INC., MR. TRUCKER, INC., ATOZ REPAIR AND REMODEL, LL, LAWLEY BROS., LLC, and PENNROD CAPITAL, LLC's REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT